UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TILLMAN,

        Petitioner,                    Case No. 2:21-cv-11293

v.

                                      Honorable Denise Page Hood

CONNIE HORTON,

        Respondent.

_____/

**<u>OPINION AND ORDER
DENYING LEAVE TO AMEND THE 2016 HABEAS PETITION,
DISMISSING THE CURRENT HABEAS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

This matter came before the Court on petitioner Robert Tillman's habeas corpus petition. Tillman initially filed the petition under 28 U.S.C. § 2241 in the Western District of Michigan. *See* Pet. (ECF No. 1, PageID.1). United States Magistrate Judge Maarten Vermaat construed the petition as one brought under 28 U.S.C. § 2254 because Tillman is in custody pursuant to the judgment of a state court, and he is attacking the validity of the state-court judgment. *See* Order (ECF No. 2, PageID.12). Magistrate Judge Vermaat then transferred the petition to this District as a motion to amend a habeas petition that Tillman filed in this District in 2016. *See id.* at PageID.14.

Tillman has not exhausted state remedies for his current claim. The Court, therefore, will deny leave to amend the previous petition and will dismiss the current petition.

## I. Background

Tillman is attacking a Macomb County conviction for assault with intent to rob while armed, Mich. Comp. Laws § 750.89, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. *See* Pet. (ECF No. 1, PageID.1) (citing Macomb County Circuit Court number 12001782-FC); *see also* the docket for Tillman's Macomb County Circuit Court case, available at https://circuitcourt.macombgov.org (click "case lookup" and search by name (Robert Tillman) or case number (2012-001782-FC)). The trial court sentenced Tillman on March 5, 2013, to a term of 180 to 300 months in prison for the assault-with-intent-to-rob conviction and to a consecutive term of two years for the firearm conviction.

The Michigan Court of Appeals upheld Tillman's convictions, but vacated his assault-with-intent-to-rob sentence and remanded his case for resentencing because the trial court erred when sentencing Tillman. *See People v. Tillman*, No. 316145, 2014 WL 4214926 (Mich. Ct. App. Aug. 26, 2014). On remand, the trial court sentenced Tillman to a term of 180 to 240 months for the assault-with-intent-to-rob conviction and two years for the firearm conviction, with credit for 541 days. On

April 28, 2015, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to the court. *See People v. Tillman*, 862 N.W.2d 417 (Mich. 2015).

In 2016, Tillman filed a *pro se* habeas corpus petition in this District. *See Tillman v. Palmer*, No. 2:16-cv-12796 (E.D. Mich. July 28, 2016). He argued as grounds for relief that he was illegally arrested and denied effective assistance of counsel. *See id*. (ECF No. 1, PageID.15-23). The State moved to dismiss the petition because Tillman had failed to exhaust state remedies for his claims. *See id.* (ECF No. 7).

On October 28, 2016, the Court denied the State's motion to dismiss the petition and agreed to stay the proceedings under the terms outlined in the opinion. *See id.* (ECF No. 10). As a condition of the stay, the Court ordered Tillman to file a motion for relief from judgment in the state court. The Court stated that, if Tillman failed to file a motion for relief from judgment in state court within sixty days of the Court's order, the Court would dismiss his petition without prejudice. *See id*. at PageID.1168.

The Court also stated that if Tillman filed a motion for relief from judgment and notified the Court that the motion had been filed, his case would be held in abeyance pending exhaustion of state remedies. *See id*. at PageID.1169. The Court ordered Tillman to file another habeas petition, using the same caption and case

number, within sixty days of concluding post-conviction proceedings. *See id*. The Court then administratively closed Tillman's case. *See id.* The Court mailed its order in the 2016 case to Tillman at the address he provided to the Court, but it was returned as undeliverable on November 17, 2016. *See id.* (ECF No. 11).

On May 21, 1021, Tillman filed his habeas corpus petition in this case. *See* Pet. (ECF No. 1). His sole ground for relief reads as follows:

> Criminal statues (sic) in Michigan are enacted by "the people" to govern consanguine citizens – art, 3. sec. 2 & naturalized persons, art, 1. sec B. No statutes were enacted specifically for governing freedmen - negro class residents, - 13 amend. And no law shall embrace more than one object, which shall be expressed in its title.

Pet. (ECF No. 1, PageID.6.) The supporting facts are as follows:

> Courts must have jurisdiction over an object, defined through legislative title. Without, the court has no personal jurisdiction. In 1856, a qualifying distinction was set between "freedman - white citizens of the state, art, 4. sec. 2. and the "freedman" – negro residents, being "immigrant" art, 1. sec 9. "Property" art, 1. sec 9. Now abandoned foreign merchandise article 1, sec 9 & amend 13.

*Id*. at PageID.7. Tillman states that he presented this issue to the 50th Judicial Circuit Court, but the court failed to issue the writ or an opinion. *Id*. at PageID.8. He seeks to have this Court vacate his sentence. *Id.*

## II. Discussion

This Court stayed and administratively closed Tillman's 2016 case for failure to exhaust state remedies. Because the Court did not dismiss the 2016 habeas

4

petition, it was still pending when Tillman filed his 2021 petition. The Court, therefore, must treat Tillman's 2021 petition as a motion to amend his 2016 petition. *See In re Stevenson*, 889 F.3d 308, 309 (6th Cir. 2018) (explaining that "a subsequent § 2254 petition filed while the petitioner's initial petition is still pending should be construed as a motion to amend the initial petition under Federal Rule of Civil Procedure 15").

Under Rule 15, Tillman is not entitled to amend his 2016 petition as a matter of course because he did not file his current petition within 21 days of serving the previous petition or within 21 days of the State's motion to dismiss his 2016 petition. Fed. R. Civ. P. 15(a)(1). He may amend his pleading "only with the opposing party's written consent or the court's leave," and the Court must freely give leave to amend only "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Tillman has not demonstrated that he acquired written consent from the State to amend his previous petition. Moreover, a "district court may deny leave to amend where amendment would be futile," and "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999).

An amendment to Tillman's 2016 petition would be futile and subject to dismissal because Tillman has not shown that he exhausted state remedies for his new claim regarding the Thirteenth Amendment and criminal statutes in Michigan.

5

The exhaustion doctrine requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847.

Tillman admits that he did not present his current claim to the trial court in his criminal case. Instead, he filed a state complaint for the writ of habeas corpus in Chippewa County, Michigan, and he says the Chippewa County court did not adjudicate his claim. *See* Pet. (ECF No. 1, PageID.6, 8). Tillman also concedes that he did not raise his claim in the State's appellate courts. *See id*. at PageID.7.

### III. Conclusion

An amendment to Tillman's 2016 petition would be futile due to his failure to exhaust state remedies for his new claim. The Court, therefore, **DECLINES** to grant leave to amend the 2016 petition and summarily **DISMISSES** the 2021 petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court also **DECLINES** to issue a certificate of appealability because reasonable jurists could not disagree with the Court's resolution of Tillman's claim, nor conclude that the claim deserves encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS FURTHER ORDERED** that Tillman may not proceed *in forma pauperis* on appeal if he appeals this decision because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

                                                s/Denise Page Hood
                                                DENISE PAGE HOOD
Dated: January 30, 2023            UNITED STATES DISTRICT JUDGE